UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X
HAXHI DERVISHOLLI,

       Plaintiff,


  - against -                    Civil Action No.
                                   1:12-CV-04412
                                   (RJD)(CLP)


TRIANGLE GENERAL CONTRACTORS, INC.,
ARIANIT AHMETAJ, XHELAL AHMETAJ,
and FLORIN KRASNIQI,

               Defendants.
- - - - - - - - - - - - - - - - - - -X


DEFENDANT TRIANGLE GENERAL CONTRACTORS, INC.'S BRIEF IN REPLY TO
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT




                           Montell Figgins, Esq.,
                           17 Academy St., Suite 601
                           Newark, NJ 07102
                           (973) 242-4700

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** …………………………………………………………….. ii

**INTRODUCTION** ........................................................................................................... 1

**STATEMENT OF FACTS** …………………………………………………………….. 1

**ARGUMENT** …………………………………………………………………………… 2

**POINT I: DEFENDANTS' MOTION SHOULD NOT BE DENIED FOR FAILING TO COMPLY WITH LOCAL RULE 56.1(a)** ………………………………………………… 2

**POINT II: EVEN WITH DEFENDANTS MISSING PAYROLL AND PUBLIC CONTRACT RECORDS THE PLAINTIFF STILL HAS NOT SATISFIED HIS BURDEN OF PROOF TO MOVE THE CASE TO TRIAL** ………………………………………… 3

**POINT III: DEFENDANTS' MOTION CONCERNING 2007-2009 IS SUPPORTED BY UNDISPUTED FACTS** ………………………………………………………………... 7

**POINT IV: PLAINTIFF'S USE OF A TRIANGLE IDENTIFICATION CARD DOES WARRANT DISMISSAL** ………………………………………………………………... 8

**CONCLUSION** ………………………………………………………………… 10

# TABLE OF AUTHORITIES

## CASES

Anderson v. Mt. Clemens Pottery Co.,
328 U.S. 680, 687-88 (1946) …………………………………………………….…..4-7

Angamarca v. Da Ciro, Inc.,
303 F.R.D. 445, 448 (S.D.N.Y. 2012) …………………………………………...…9

Bateman Eichler, Hill Richards, Inc. v. Berner,
472 U.S. 299, 310-311 (1985) …………………………………………………...…9

Daniels v. 1710 Realty LLC,
497 Fed. Appx. 137, 139 (2d Cir. N.Y. 2012) ………………………………………….5-6

David v. Signal Int'l, LLC
257 F.R.D. 114, 116, 2009 U.S. Dist. LEXIS 29007, *1, 14 Wage & Hour Cas. 2d (BNA) 1781
(E.D. La. 2009) ………………………………………………………………….…9

DeSilva v. North Shore-Long Island Jewsish Health System, Inc.
770, F. Supp.2d 497 (E.D.N.Y. 2011) ……………………………………………..… 6

Hoskings v. New World Mortg., Inc.,
570 Fed. Appx. 28, 31-32 (2d Cir. N.Y. 2014) ………………………………………...…5

Kuebel v. Black & Decker Inc.,
643 F.3d 352. 362 (2d Cir. 2011) ………………………………………………………5

Lundy v. Catholic Health Sys. of Long Island Inc.,
711 F.3d 106, 114 (2d Cir. 2013) ………………………………………………...…6

Reich v. Gateway Press, Inc.,
13 F.3d 685, 701 (3d Cir. 1994) …………………………………………………….…4

Solis v. Cindy's Total Care Inc.,
No. 10 Civ. 10 Civ 7242(PAE), 2011 U.S. Dist. LEXIS 125501, 2011 WL 5170009, at *1
(S.D.N.Y. Oct. 31, 2011), supplemented, 2011 U.S. Dist. LEXIS 138556, 2011 WL 6013844
(S.D.N.Y. Dec. 2, 2011) ………………………………………………………….. 9-10

Solis v. SCA Restaurant Corp.,
938 F.Supp. 380, 400-402 (E.D.N.Y. 2013) …………………………………………...…9

Pruell v. Caritas Christi,
No. 09-11466-GAO, 2010 WL 3789318 (D.Mass. Sept. 27, 2010) ...…………………………...6

Taylor v. Always Ready & Reliable Security Inc.,
2014 WL 5525745, No. 13 Civ. 8524 (CM) (S.D.N.Y. Oct. 27, 2014) ………………………….3

Wolman v. Catholic Health Sys. of Long Island, Inc.,
2010 WL 5491182, No. 10-CV-1326 (JS) (ETB) (E.D.N.Y. Dec. 30, 2010) ……………..…… 6

Zhong v. August August Corp.,
498 F.Supp.2d 625 (S.D.N.Y. 2007) ………………………………………………………… 6

**STATUTES**

29 U.S.C.S. § 201 et seq ……………………………………………………………...2, 4, 9, 10

N.Y. Lab. Law ("NYLL") § 220, subd. 3-a …………………………………………… 1-2, 10

**COURT RULES**

Local Rule 56.1 ……………………………………………………………………………... 2-3

## INTRODUCTION

Defendants Triangle General Contractors, Inc., Arianit Ahmetaj, Xhelal Ahmetaj, and Florin Krasniqi ("Triangle" or "Defendants") submit this reply to Plaintiff Haxhi Dervisholli's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment.

## STATEMENT OF FACTS

1. Triangle General Contractors, Inc. is a roofing company that engages in federal, state, and municipally funded work ("public projects").

2. Defendants Ariant Ahmetaj, Xhetal Ahmetaj, and Florin Krasniqi were owners of Triangle General Contractors Inc. and employers during the relevant times of Plaintiff's complaint. Plaintiff was an employee of Triangle at various times between 2006-2007.

3. Plaintiff contends that Triangle did not pay prevailing wages or overtime for construction work in which he was entitled from 2007 to the end of his employ in December 2011. Plaintiff performed non-roofing/undefined tasks at various times from 2006 to October 2009. (Exhibit A, 49:15-19).

4. Plaintiff became a union member on November 2009 and was employed by Triangle until 2011 (Exhibit A, 29:25, 30:2-3; Pl.'s Comp. ¶ 11).

5. As a union member, Plaintiff was able to perform construction work as a "roofer" on public projects, which are subject to certification by various government agencies. See N.Y. Lab. Law ("NYLL") § 220, subd. 3-a (stating "Every contractor, and subcontractor, shall submit to the department of jurisdiction within thirty days after issuance of its first payroll, and every thirty days thereafter, a transcript of the original payroll records, as provided by this Article, subscribed and affirmed as true . . . .").

1

6.  Certified payroll records show that Triangle paid Plaintiff the prevailing wage set by NYLL for all construction work from November 2009 to 2011. (Exhibit B). Certified records also show any overtime that was paid to Plaintiff from November 2009 to December 2011 at a rate set forth by the Fair Labor Standards Act ("FLSA") [29 U.S.C.S. § 201 et seq.].

7.  There are no records that show Plaintiff worked on any construction jobs from 2007 to October 2009.

8.  During this period, Plaintiff alleges that he worked on union public construction jobs despite not being a member of a union. (Exhibit C, 45:4-5, 26:15-24). Triangle only utilizes union employees for public construction projects. (Exhibit A, 44:23-25, 45:1).

9.  In the period before Plaintiff became a union member, Plaintiff claims to have lied about his identity and used another person's name for union construction work. (Exhibit C, 26:22-24).

10. Identification cards were made in house by an office managers and Plaintiff had access to the card making equipment. (Exhibit D, 88:4-17; Exhibit A, 95:11-16).

## ARGUMENT

## POINT I: DEFENDANTS' MOTION SHOULD NOT BE DENIED FOR FAILING TO COMPLY WITH LOCAL RULE 56.1(a)

Plaintiff contends that the Court should deny Defendants' motion for failure to comply with Local Rule 56.1(a). Although courts have denied summary judgments motions based on the failure to comply, the noncompliance of Local Rule 56.1(a) has not been the sole basis for dismissal. The Local Rule states that "[f]ailure to submit such a statement may constitute grounds for denial of the motion." Local Civil Rule 56.1 (emphasis added). The rationale behind this rule is because a motion for summary judgment should be granted on the basis of undisputed

facts, and a movant should not reap the benefits of a summary judgment motion if they are "unwilling to expend the modest effort to comply with its basic procedures." See Taylor v. Always Ready & Reliable Security Inc., 2014 WL 5525745, No. 13 Civ. 8524 (CM) (S.D.N.Y. Oct. 27, 2014).

Defendants are asking the Court to not dismiss its motion for summary judgment on the basis of non-compliance to Local Rule 56.1. In the present case, Defendants will be happy to rectify this oversight and provide a statement of material facts pursuant to Local Civil Rule 56.1. Furthermore, the idea that Defendants are seeking to reap the benefits of summary judgment without expending the modest effort to comply with its basic procedures does not apply here. In Defendants' Memorandum of Law in Support of Defendants' Motion for Summary Judgment, a separate and dedicated statement of material facts section was included. (See Defs.' Reply). It was erroneous to not annex a separate statement of material fact to the notice of motion, but it is an error that basically amounts to Defendant not printing out a separate version of the "Statement of Facts" section already included in its brief for the Court and opposing counsel to review. Furthermore, the language of Local Rule 56.1(a) permits the Court to dismiss the summary judgment motion, but it does not mandate it. Defendants are asking the Court to not dismiss the summary judgment motion on the basis of non-compliance with Local Rule 56.1 for the aforementioned reasons above.

**POINT II: EVEN WITH DEFENDANTS MISSING PAYROLL AND PUBLIC CONTRACT RECORDS THE PLAINTIFF STILL HAS NOT SATISFIED HIS BURDEN OF PROOF TO MOVE THE CASE TO TRIAL**

Defendants do not dispute that Plaintiff's payroll records from the time period of 2007 to November 2009 are lost or unavailable. Although, Plaintiff pleads that he is due prevailing wages and unpaid overtime from the entire period of his employ with Triangle (Pl.'s Compl. ¶

3

13-16), Plaintiff does not dispute that accurate and adequate payroll records exist from the time period of November 2009 to the end of employ in 2011 to combat Plaintiff's assertion that he was not properly compensated. Therefore, the relevant time the court needs to consider is the time period from 2007 to October 2009 where Plaintiff alleges, without any facts, that he worked on public construction projects, and that he was unfairly compensated.

In FLSA and prevailing wages cases where employers fail to keep adequate or accurate records, plaintiffs may prevail on their testimony alone subject to the evidentiary burden of "just and reasonable inference." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946). Plaintiff argues that he meets his burden to bring forth his claims to trial under the standard detailed in Mt. Clemens, 328 U.S. at 687-88. In Mt. Clemens, "where an employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . [t]he solution . . . is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. . . . In such a situation, we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." 328 U.S. at 687-88. Furthermore, the "burden, while not overly onerous, is to establish a prima facie case . . .[h]e is not required to do so in complete detail as to the wages lost by each employee. However, he must produce sufficient evidence to establish that the employees have in fact performed work for which they were improperly compensated and produce sufficient evidence to show the amount and extent of that work." Reich v. Gateway Press, Inc., 13 F.3d 685, 701 (3d Cir. 1994).

Since the burden is on the plaintiff to prove that he "performed work for which he was improperly compensated" and "produce sufficient evidence to show the amount and extent of

4

that work as a matter of just and reasonable inference", Mt. Clemens, 328 U.S. at 686-87, the

question the court must address in the present case is whether Plaintiff met this sufficiency

standard in his pleadings. "Estimates based on [a plaintiff's] own recollection", such as

testimony and diary entries, are usually enough to meet this burden. Kuebel v. Black & Decker

Inc., 643 F.3d 352. 362 (2d Cir. 2011).

     In regards to Plaintiff's point that Plaintiff denies performing anything other than roofing

work, Defendants point to Exhibit C, 41:11-25, 42:1-25 where Plaintiff cannot even recall if he

even worked at a public job site or what he did on a site if he had worked there. This is beyond

what Plaintiff frames as "nothing more than the inability to recall certain dates, hours, and places

of employment that any employee, in the absence of payroll records, would be subject to."(Pl.

Reply p. 9).  Mt. Clemens standard may not be a high one, but it certainly requires Defendant's

testimony to be more than mere guesses as to whether he worked on public projects. Daniels v.

1710 Realty LLC, 497 Fed. Appx. 137, 139 (2d Cir. N.Y. 2012). Defendant has shown a failure

to recall the basic information regarding whether or not he even worked on locations where he is

alleging that Defendants had failed to compensate him properly. See Hoskings v. New World

Mortg., Inc., 570 Fed. Appx. 28, 31-32 (2d Cir. N.Y. 2014) (affirming the district court's finding

that Plaintiff Hosking's submissions were too vague to support Hosking's $4 million damages

demand. Examples of submissions include statements attesting to the number of hours they

worked "on average" without defining the number of hours calculated and only indicated the

period of employment by months and years rather than giving specific dates). In Daniels, the

court affirmed the district court's ruling that the plaintiff did not meet his burden when plaintiff's

testimony consisted of statements that he "usually worked" certain hours and that his recollection

was too speculative to establish the exact hours plaintiff worked. 487 Fed.Appx. at 139. The

court further stated that the plaintiff "did not present sufficient evidence for the jury to make a reasonable inference as to the number of hours worked by the non-testifying employees." Id. Essentially, the court found plaintiff's evidence to be "too vague to be credible".[1] Id.

The evidence Plaintiff here presents is similarly vague.[2] Plaintiff's pleading also fails to state what exact times he failed to be compensated for. (See Pl.'s Compl.). Plaintiff's pleading generally stated he was due prevailing wages and overtime pay for a general period of his employment without specifying which periods he was not given overtime pay and prevailing wages. Defendants provided records that show Plaintiff was paid the correct prevailing wages and applicable overtime from the period of November 2009-2011. (See Defs.' Brief). In his reply to Defendant's summary judgment motion, Plaintiff simply correctly cites case law and makes a conclusion that Plaintiff has met his evidentiary burden. (See Pl.'s Reply p. 6-10). Plaintiff fails to cite any case law or provide any analysis as to why Defendant's vague recollections meet the sufficiency standard. Furthermore, Plaintiff claims that he can testify about his work using his notes in regards to locations, work hours, and pay received starting in March of 2009 until when

---

[1] Although Plaintiff correctly states that the cases of DeSilva v. North Shore-Long Island Jewish Health System, Inc. 770, F. Supp.2d 497 (E.D.N.Y. 2011), Zhong v. August August Corp., 498 F.Supp.2d 625 (S.D.N.Y. 2007), Wolman v. Catholic Health Sys. of Long Island, Inc., 2010 WL 5491182, No. 10-CV-1326 (JS) (ETB) (E.D.N.Y. Dec. 30, 2010), and Pruell v. Caritas Christi, No. 09-11466-GAO, 2010 WL 3789318 (D.Mass. Sept. 27, 2010) do not discuss or analyze plaintiff's burden under Mt. Clemens, it gives the court guidance as what sort of evidence is considered sufficient to properly plead a case alleging that he is due compensation for uncompensated for from an employer or defendant. See also Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cr. 2013) (stating that "to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours or work in a given workweek as well as some uncompensated time in excess of 40 hours.").

[2] See Exhibit C for answers where Plaintiff did not know whether he was paid overtime or prevailing wages or whether he worked at specific jobs or the duration of said jobs. Exhibit C, 8:15-20 (stating that he did not know the prevailing wage rate); Exhibit C, 9:21-25, 10:2-5 (stating uncertainty regarding the amount he was paid); Exhibit C, 11:21-24 (stating uncertainty over when he was not paid); Exhibit C, 15:4-10 (Plaintiff unable to provide any approximate dates for uncompensated work in 2009); Exhibit C, 16:25, 17:2-8 (simply stating he was not paid properly "all the time" thus failing to give specific dates or an approximation of dates of alleged improper payment); Exhibit C, 29:18-21 (stating he did receive "union rate" from 2009 to 2011) and Exhibit C,. 30:5-25 (only vaguely claiming that he did not receive union rates every hour while also stating he "possibly" received overtime pay); Exhibit C,. 40:16-24, 41:3-13 (failing to recall any specific public projects he claims to have worked on in 2007 and when he recalls one project, he does not know which month he worked); Exhibit C, 41:24-25, 42:2-14 (stating uncertainty over whether the project mentioned previously actually occurred in 2007; Exhibit C, 86:6-25, 87:2-25, 88:2-4 (showing uncertainty over whether plaintiff's recorded logs in his notebook was accurate thus failing to make any approximation regarding overtime pay).

the union-wage pay records began in November of 2009. (Pl.'s Reply p. 9). However, Plaintiff's testimony provided in his deposition and his use of those notes do not make a showing that he can indeed testify to the location, work hours, and pay received during that period. Plaintiff may have been able to provide some paystubs for various times in the pre-November of 2009 time period, but the pay stubs are only for intermittent time frames.[3] (See Exhibit E). Furthermore, as Plaintiff's state, the pay stubs do not show hours or detail the work actually performed. (Pl.'s Reply p. 8). They could be for non-roofing work. The pay stubs themselves cannot create a reasonable inference that Plaintiff worked on public construction sites, especially in light of Plaintiff's inability to recall, even with notes, a general estimate of where and when he worked and whether he was compensated. The evidentiary standard may be relaxed, but it is still a standard, which the Plaintiff fails to meet.

Although an employee may meet the evidentiary burden through estimates based on his own recollection, the plaintiff here has failed to even give estimates based on his own recollection based on his pleadings and depositions. Although Plaintiff stating he performed roofing work with Defendants stating Plaintiff did not perform those tasks would usually show that facts are dispute, the Plaintiff fails to meet the evidentiary burden as established in Mt. Clemens and following case law necessary to move a case to trial. Therefore, as a matter of law, the Court should dismiss Plaintiff's Complaint for failure to meeting his evidentiary burden as established in Mt. Clemens.

### POINT III: IN THE PERIOD CONCERNING 2007-2009, DEFENDANTS FAIL TO MEET ITS EVIDENTIARY BURDEN

It is Defendants' position that Plaintiff failed to meet its evidentiary burden to produce sufficient evidence to establish that he did indeed performed the alleged construction work. The

---

[3] Exhibit E only shows paystubs from June to September of 2007, March to May of 2008, July to December 2008, and January 2009. Most notably missing are pay stubs for the time period of February to October 2009.

only evidence to Plaintiff produces is a general statement that he worked on roofing projects in the period of 2007-2011. (Exhibit C, 156:4-7). This does not meet the standard as it is a vague statement that includes the time period when Plaintiff was an authorized union member (November 2009-2011), for which there are certified payroll records. Similarly, Plaintiff uses the testimony of non-party witness Linda Belfort. Ms. Belfort's testimony is a simple statement that he worked on roofs. There was no approximation of time given for when she observed Plaintiff's activities, and Ms. Belfort does not remember when she left Triangle to give us an idea when she would have stopped observing Plaintiff's work activity. (Exhibit F, 17:24-25, 18:1). She could have been testifying about the time period before Plaintiff became an authorized union member (2007 to October of 2009) or the time after he became an authorized union member (September 2009 to 2011). Without some sort of approximation or estimate, not asking for exactness, it is difficult to state that Plaintiff's evidence meets the standard.

### POINT IV: PLAINTIFF'S USE OF A TRIANGLE IDENTIFICATION CARD DOES WARRANT DISMISSAL

Plaintiff argues that Plaintiff's unlawful use of another union member's identification card does not prevent him from seeking due compensation. Defendants assert that they properly compensated Plaintiff for his work. However, even if Defendants did not, Defendants still maintain that Plaintiff cannot recover due to his unlawful use of another union member's card.

Plaintiff should be barred from recovery under the doctrine of in pari delicto. The defense of in pari delicto is available to bar recovery under a federal statute where (1) the plaintiff bears at least substantially equal responsibility for the violations he seeks to redress, and (2) preclusion of the suit would not substantially interfere with the statute's policy goals. See Bateman Eichler, Hill Richards, Inc. v. Berner, 472 U.S. 299, 310-311 (1985).  In order to satisfy the firsts prong,

"[t]he plaintiff must be an active, voluntary participant in the unlawful activity that is subject o the suit." Id. at 636 (emphasis in original). "Plaintiffs who are truly in pari delicto are those who have themselves violated the law in cooperation with the defendant." Id. (emphasis in original) (internal citations omitted). Although an argument could be made that Plaintiff did not participate in the decision to pay overtime, it is the position of Defendants that Plaintiff was a voluntary participant in the unlawful activity that is a central issue to the subject of the suit. Furthermore, it is the position of the Defendants that allowing the Plaintiff to go forth with his claims for the time period where he willfully falsified his union status by using another person's identification card would invite abuse and undermine the goals of FLSA and other labor statutes. See David v. Signal Int'l, LLC 257 F.R.D. 114, 116, 2009 U.S. Dist. LEXIS 29007, *1, 14 Wage & Hour Cas. 2d (BNA) 1781 (E.D. La. 2009).

      To combat this argument, Plaintiff relies on case law that states undocumented aliens may collect liquidated damages under FLSA. See Solis v. SCA Restaurant Corp., 938 F.Supp. 380, 400-402 (E.D.N.Y. 2013). Although that may be true in the context of undocumented aliens, that is not true in Plaintiff's case. The rationale behind allowing undocumented aliens to seek compensation is because in those cases, defendants seek to benefit from their own wrong-doing by escaping liability for violating FLSA when undocumented workers eventually return to their home countries, which is inconsistent with the intent of FLSA. Angamarca v. Da Ciro, Inc., 303 F.R.D. 445, 448 (S.D.N.Y. 2012). The intent of FLSA was not to discriminate employees in regards to their rights to seek just compensation on the basis of their citizenship status. See Solis v. Cindy's Total Care Inc., No. 10 Civ. 10 Civ 7242(PAE), 2011 U.S. Dist. LEXIS 125501, 2011 WL 5170009, at *1 (S.D.N.Y. Oct. 31, 2011), supplemented, 2011 U.S. Dist. LEXIS 138556, 2011 WL 6013844 (S.D.N.Y. Dec. 2, 2011) (stating "By its terms, the FLSA applies to 'any

9

individual' employed by an employer . . . The Act contains no exception or exclusion for persons who are not U.S. citizens or who are in this country illegally."). These cases touch upon whether an employee's citizenship status affects his or her ability to seek compensation for work committed, not whether an employee can seek compensation for affirmative fraudulent actions.

Plaintiff ties his possession of another person's identification card shows that Defendants had made this identification card for Plaintiff to use in order to access public job sites. (Pl.' Reply p. 10-11). Despite Plaintiff's assertion, the fact that Triangle's officers and managers typically made the identification cards are not "ample" evidence in the record for a jury to conclude that Defendants issued Plaintiff this ID card. Defendant Krasniqi states that Plaintiff had access to all the Triangle doors, keys, equipment, and every computer, including equipment to manufacture identification cards. (Exhibit A, 95:11-16).

Furthermore, even if Plaintiff's use of another employer's identification card does not preclude Plaintiff from seeking claims under FLSA and NYLL, the fact that Plaintiff had an identification card does not in itself show that he actually worked on public job sites. Moreover, the existence of an identification card does not in itself sufficiently show that Plaintiff had worked on public construction jobs from the time period he is alleging.

## CONCLUSION

For the aforementioned reasons, the Court should grant Defendants' motion for summary judgment.