UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
HAXHI DERVISHOLLI,

                Plaintiff,

       - against -

TRIANGLE GENERAL CONTRACTORS,
INC., ARIANIT AHMETAJ, XHELAL
AHMETAJ, and FLORIN KRASNIQI,

                Defendants.
----------------------------------------------------------------- x

**MEMORANDUM & ORDER**

12 CV 4412 (RJD) (ST)

DEARIE, District Judge:

       Plaintiff Haxhi Dervisholli brings this action for unpaid overtime wages under the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19, and the New York Labor Law ("NYLL").

Plaintiff also brings related breach of contract, quantum meruit, and unjust enrichment claims.

Defendants move for summary judgment. For the reasons that follow, the Court grants in part

and denies in part defendants' motion.

## BACKGROUND

       Plaintiff was employed by defendant Triangle General Contractors, Inc. ("Triangle")

from 1998 through December 2011, performing roofing and related work. Compl. ¶¶ 5-8, 10-11,

ECF No. 1. Individual defendants Ariant Ahmetaj, Xhetal Ahmetaj, and Florin Krasniqi are

current or former owners of Triangle who allegedly made decisions concerning the company's

hiring, supervision, work, and pay practices. Id. ¶ 9.

       Plaintiff alleges that he frequently logged significant overtime hours for Triangle,

working six or seven days a week for eight hours or more per day. Id. ¶ 16. Plaintiff claims that

he was never paid any overtime wages, however, and that he was instead paid a flat rate of $180

or $200 per day, depending on the time period. Id. ¶¶ 14, 16. Plaintiff also asserts that

throughout his employment with Triangle, but particularly between March 2009 and December 2011, he performed extensive work on public works projects for government entities, including the New York City Board of Education and the New York City Housing Authority.  Id. ¶¶ 13, 19.  Plaintiff alleges that although the contracts that defendants entered into for those projects required defendants to pay plaintiff prevailing rates of wages and supplemental benefits, defendants willfully failed to do so.  Id. ¶¶ 19-25.

During a portion of this time, starting in March 2009, plaintiff maintained a notebook of the hours he worked, the public works projects he worked on, and the amounts he was paid.  See Pl.'s Mem. Law Opp'n Defs.' Mot. Summ. J. ("Pl.'s Mem.") at 5, ECF No. 69.  Plaintiff also periodically received paystubs that reflected fixed payments of $200 or $300, but which were silent as to the number of hours worked.  See id. at 4; id. Ex. 9, ECF No. 69-10.

On September 4, 2012, plaintiff and his coworker, Avdi Elshani,[1] commenced the instant action against defendants, alleging: (1) breach of the public works contracts, for failure to pay the required prevailing rates of wages and supplemental benefits; (2) quantum meruit, for over $440,400 worth of uncompensated services; (3) unjust enrichment, for the same uncompensated services; (4) failure to pay overtime wages under the NYLL; and (5) failure to pay overtime wages under the FLSA.  Compl., ECF No. 1.

On November 9, 2012, defendants requested a pre-motion conference to discuss their anticipated motion to dismiss for failure to state a claim and for lack of subject-matter jurisdiction.  ECF No. 12.  Defendants argued that the complaint failed to plead with sufficient specificity; plaintiffs' claims, which defendants described as "breach of contract claims cloaked in the guise of an action to recover unpaid overtime and prevailing wages," were preempted by

---

[1]   On April 15, 2015, Mr. Elshani's claims were voluntarily dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).  ECF Nos. 55-56.

Section 301 of the Labor Management Relations Act; plaintiffs had no private right of action under the relevant federal labor law; plaintiffs were not intended third-party beneficiaries of the public works contracts; and plaintiffs' claims were subject to the dispute resolution provisions of the public works contracts.  Id.  Following the pre-motion conference, the parties elected to undergo settlement discussions and limited discovery prior to moving forward with motion practice.  ECF Nos. 18-22.

Discovery was protracted, complicated by the fact that many of defendants' records were apparently destroyed during Hurricane Sandy, see ECF Nos. 57, 59, and attempts to depose management regarding Triangle's payment practices were unfruitful.  See ECF Nos. 54, 57. Finally, in May 2015, the parties agreed to requests to admit that resolved their main discovery issues.  See ECF Nos. 59-60.  Not long thereafter, in July 2015, defendants requested another pre-motion conference to discuss their anticipated motion for summary judgment.  ECF No. 61. This Court held a pre-motion conference and set a briefing schedule on September 29, 2015. ECF No. 64.  The parties briefed the motion, ECF Nos. 66, 69-70, and the Court heard oral argument on June 20, 2016.

## DISCUSSION

Practically speaking, plaintiff's claims can be delineated into two categories: those concerning the period from November 2009 to December 2011, and those concerning the period from 2007 to October 2009.[2]  While defendants' payroll records were apparently destroyed during Hurricane Sandy, for the period from November 2009 to December 2011, New York City

---

[2] In their papers, the parties focus exclusively on plaintiff's employment from 2007 to 2011, despite the fact that the complaint alleges that plaintiff was employed by defendants starting in 1998, Compl. ¶ 11, ECF No. 1, with a break from 2005 and 2007, Mem. Law Supp. Defs.' Mot. Summ. J. Ex. B ("Dervisholli Dep.") at 39-40, ECF No. 66-5.  As such, this decision also focuses on the 2007 to 2011 timeframe.

Department of Education certified payroll records exist, which, defendants argue, establish that plaintiff was paid appropriately.  Defendants assert that this entitles them to summary judgment, as plaintiff has failed to produce any evidence to combat such records.  For the period from 2007 to October 2009, however, defendants are unable to offer any similar records.  The plaintiff, therefore, bears a relaxed evidentiary burden as to that period.

Defendants argue that plaintiff has nevertheless failed to meet even that relaxed burden, as he has failed to provide any meaningful approximation of the hours that he worked during that time.  Defendants also argue that as a matter of public policy, plaintiff is not entitled to compensation for any construction work he performed between 2007 and October 2009 because he fraudulently used another person's identification card during that time to gain access to worksites.  Plaintiff contests each of these points, and he further argues that defendants' motion should be denied for failure to comply with Local Rule 56.1(a).

Summary judgment is appropriate where "the evidence, viewed in the light most favorable to the party against whom it was entered, demonstrates that there are no genuine issues of material fact and that the judgment is warranted as a matter of law." Delaney v. Bank of Am. Corp., 766 F.3d 163, 167 (2d Cir. 2014) (quoting Global Network Commc'ns, Inc. v. City of New York, 562 F.3d 145, 150 (2d Cir. 2009)); see also Fed. R. Civ. P. 56(a).  In deciding whether summary judgment is warranted, the Court must "resolve all ambiguities and draw all reasonable inferences against the movant." Delaney, 766 F.3d at 167 (quoting Aulicino v. N.Y.C. Dep't of Homeless Servs., 580 F.3d 73, 79-80 (2d Cir. 2009)).

For the reasons that follow, the Court grants defendants' motion with respect to plaintiff's claims concerning the period from November 2009 to December 2011, and denies defendants' motion with respect to plaintiff's claims concerning the earlier period.

4

I.      Period from November 2009 to December 2011

While defendants' payroll records were apparently destroyed during Hurricane Sandy, Pl.'s Mem. at 2-3, for the period of November 2009—when plaintiff became a union member and began receiving union wages, id. at 4—to December 2011, New York City Department of Education certified payroll records exist, which itemize, on a weekly basis, plaintiff's hours worked each day, plaintiff's rate of pay, plaintiff's supplemental benefits, and any deductions taken out of plaintiff's pay. Mem. Law Supp. Defs.' Mot. Summ. J. ("Defs.' Mem.") Ex. A, ECF No. 66-4.[3] Defendants assert that these records establish that during this period, plaintiff was paid the prevailing wage rates and any overtime wages he was due. Defs.' Mem. at 5-8, ECF No. 66. Defendants argue that "[s]ince certified payroll record reports for November 2009 to December 2011 exist, the Plaintiff has 'the burden of proving that he performed work for which he was not properly compensated.'" Id. at 8 (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946)). Defendants assert that "[p]laintiff has failed to produce any evidence to combat the certified payroll records[,]" and, "[t]herefore, the Court must dismiss Plaintiff's claims against Defendant Triangle in regards to the prevailing wages from November 2009 to December 2011 as a matter of law as there are no genuine issues of material fact to present at trial." Id.

"To establish liability under the FLSA on a claim for unpaid overtime, a plaintiff must prove that he performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of that work." Kuebel v. Black & Decker Inc., 643 F.3d

---

[3]     Although the records cover many of the weeks from November 2009 to December 2011, the records are not complete.

352, 361 (2d Cir. 2011).[4]  Plaintiff says virtually nothing to refute defendants' assertions

regarding this time period, instead focusing on the period prior to November 2009.[5]  As such, the

Court agrees that plaintiff has failed to meet his burden here, and it grants defendants' motion for

summary judgment with respect to plaintiff's claims concerning the period of November 2009 to

December 2011.[6]

II.      Period from 2007 to October 2009

     A.      *Plaintiff's Alleged Failure to Meet His Evidentiary Burden*

     Similar New York City Department of Education certified payroll records do not exist for

the period from 2007 to October 2009, and, as noted already, defendants' records were

apparently destroyed during Hurricane Sandy.  In such circumstances, "where the employer's

records are inaccurate or inadequate," the plaintiff bears a relaxed evidentiary burden and courts

apply the following burden-shifting framework:

> In such a situation . . . an employee has carried out his burden if he
> proves that he has in fact performed work for which he was
> improperly compensated and if he produces sufficient evidence to
> show the amount and extent of that work as a matter of just and
> reasonable inference. The burden then shifts to the employer to

---

[4]   This decision, like the parties' papers, focuses on federal law.  As the parties and other courts
have noted, however, the analysis applies equally to plaintiff's state law claims.  See Defs.'
Mem. at 9 n.1; Pl.'s Mem. at 8; Kuebel, 643 F.3d at 357 n.2; DeSilva v. N. Shore-Long
Island Jewish Health Sys., Inc., 770 F. Supp. 2d 497, 510 n.5 (E.D.N.Y. 2011) ("Although
the parties' briefing focused on plaintiffs' FLSA claims rather than their [NYLL] claims, the
Court notes that the relevant portions of [the NYLL] do not diverge from the FLSA, and, as
such, the analysis above applies equally to NYLL state law claims." (internal quotation
marks omitted)).

[5]   Indeed, during oral argument, plaintiff's counsel indicated that plaintiff was no longer
pressing his claims concerning this period, aside from a specific claim concerning unpaid
fringe benefits during a "lag time" around when plaintiff first became a union member.
Plaintiff made no mention, however, of this specific claim in his papers, and the Court does
not address it here.

[6]   As discussed below, the Court finds that defendants' failure to comply strictly with Local
Rule 56.1 does not warrant denial of their motion.  See infra Part III.

> come forward with evidence of the precise amount of work
> performed or with evidence to negative the reasonableness of the
> inference to be drawn from the employee's evidence. If the
> employer fails to produce such evidence, the court may then award
> damages to the employee, even though the result be only
> approximate.

Anderson, 328 U.S. at 687-88. "Thus, at summary judgment, if an employer's records are inaccurate or inadequate, an employee need only present 'sufficient evidence to show the amount and extent of [the uncompensated work] as a matter of just and reasonable inference.'" Kuebel, 643 F.3d at 362 (alteration in original) (quoting Anderson, 328 U.S. at 687). "Consistent with Anderson, an employee's burden in this regard is not high." Id. Indeed, "[i]t is well settled . . . that it is possible for a plaintiff to meet this burden through estimates based on his own recollection." Id.

Defendants argue that plaintiff has failed to meet even this relaxed evidentiary burden.[7] Defendants argue that the complaint merely "states that [plaintiff] worked six or seven days per week, working eight hours or more per day," and they assert that plaintiff "failed to approximate the alleged hours and days for which wages were not received." Defs.' Mem. at 13. Defendants argue that plaintiff's assertions are, therefore, "as vague as simply stating that he worked more than forty hours per week," id. at 13, which defendants assert is insufficient. Id. at 9-10, 13-14; see also DeSilva, 770 F. Supp. 2d at 509 ("[I]t is not enough to merely allege that Plaintiffs worked beyond forty hours per week. Instead, plaintiffs must provide at least some

---

[7]   During oral argument, defendants also suggested that here, Anderson's relaxed evidentiary burden "should not be the focus of the Court." Defendants argued that while they may not possess records for this time period, if plaintiff's allegation that he worked on public works projects is true, then certain records would exist in the hands of various federal and state authorities. Defendants suggested that plaintiff bore the burden of obtaining these records but failed to do so. Defendants were unable to offer any case law, however, supporting the position that such circumstances might undercut the applicability of the Anderson framework. Furthermore, plaintiff's counsel represented that he did, in fact, attempt to secure such records from the relevant authorities, but to no avail.

approximation of the overtime hours that defendants required them to work and a time frame for when those hours were worked." (internal quotation marks and citation omitted)).[8] Defendants further argue that "[i]n fact, throughout his deposition, Plaintiff was confused over whether he was adequately compensated." Id. at 10 (citing numerous portions of plaintiff's deposition testimony).

Plaintiff responds that he can, in fact, meet his relaxed evidentiary burden. Plaintiff notes that "[s]tarting in March of 2009, [he] began keeping a notebook of the hours he worked, which projects he worked on, and how much he was paid." Pl.'s Mem. at 5. Plaintiff asserts that he "can testify, refreshing his recollection with his contemporaneous notes per F.R.E. 612, about his work locations, work hours, and pay received (including cash pay) for the time period starting in March of 2009 until the union-wage pay records begin [in November 2009]." Id. at 9. Plaintiff further asserts that such testimony "could be extrapolated to the pre-2009 years, given the Plaintiff's testimony he worked full time then as well." Id. Plaintiff also notes that he has produced paystubs—all of which are for either $200 or $300 and "silent as to the amount of hours worked"—covering forty-eight weeks between June 17, 2007, and January 11, 2009. Id. at 4. Plaintiff argues that these paystubs support his claim that he was paid a flat rate. Id. at 4-5.

Plaintiff also challenges defendants' assertion that throughout his deposition, plaintiff was confused over whether he was adequately compensated. Id. at 9. Plaintiff argues that "[t]his 'confusion' cited by Defendants is nothing more than the inability to recall the specific dates,

---

[8]   Defendants also argue that "Plaintiff confuses matters even further by not differentiating between his construction work and his shop work." Defs.' Mem. at 12. Defendants argue that shop work—described as "cleaning up the shop, putting things back [in] place, lining up items for the next day," id. at 11 n.3—unlike construction work, is not entitled to prevailing wages. Id. at 11. Plaintiff responds that defendants' argument is without merit "for the simple reason that Plaintiff denies performing anything other than roofing [i.e., construction] work." Pl.'s Mem. at 10.

hours, and places of employment that any employee, in the absence of payroll records, would be subject to." Id.

While a close call, the Court finds that plaintiff has met his relaxed evidentiary burden with regard to this earlier period. Plaintiff's allegations are vague and his deposition testimony is unconvincing, but he does provide at least some detail regarding the alleged extent of his uncompensated work, and he has produced a series of pay stubs that arguably support his claims. And here, rather unusually, plaintiff has contemporaneous notes of his hours and pay upon which he can rely. Thus, he has done more than "merely allege that [he] worked beyond forty hours per week." DeSilva, 770 F. Supp. 2d at 509 (internal quotation marks omitted). Furthermore, plaintiff's credibility, while vulnerable to attack, is an issue for trial, not summary judgment. See Kuebel, 643 F.3d at 364 ("[W]hatever inconsistency may exist between the estimates offered by [plaintiff] during his deposition and those provided in his declaration, it is at most 'the type of inconsistency that the defendant should test through cross-examination at trial and allow the jury to weigh in determining the credibility of the plaintiff's testimony in support of his claims.'" (quoting Allen v. Bd. of Pub. Educ. for Bibb Cty., 495 F.3d 1306, 1317 (11th Cir. 2007))); id. at 364-65 ("The Anderson test . . . does not entitle an employer to summary judgment where the employee's estimates of his uncompensated overtime are somewhat inconsistent.").

The burden thus shifts to defendants to "come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." Anderson, 328 U.S. at 687-88. Defendants, however, are unable to do so.

B.    *Plaintiff's Alleged Fraud*

Defendants also argue that "as a matter of public policy, Plaintiff is not entitled to prevailing wages or overtime pay for any alleged construction work from the period of 2007 to October 2009 because he committed fraud." Defs.' Mem. at 14.  Defendants represent that for public works projects, defendants utilize only union labor, id. at 2-3, and they note that "Plaintiff admits he was not a member of a union until November 2009." Id. at 15.  Therefore, defendants argue, "any argument Plaintiff makes regarding prevailing wages or overtime for construction work [performed prior to November 2009] would be for alleged work he performed under the guise of another worker." Id.  Defendants assert that "[a]ny compensation Plaintiff seeks for alleged construction work from this period is for illegal work activity, and therefore he is not entitled to recover." Id.

Defendants expand on this point in their reply brief, arguing that plaintiff should be barred from recovery under the doctrine of *in pari delicto*.  See Def.'s Br. Reply Pl.'s Opp'n Def.'s Mot. Summ. J. ("Defs.' Reply") at 8-10, ECF No. 70.  Defendants argue that "[t]he defense of *in pari delicto* is available to bar recovery under a federal statute where (1) the plaintiff bears at least substantially equal responsibility for the violations he seeks to redress, and (2) preclusion of the suit would not substantially interfere with the statute's policy goals." Id. at 8.  Defendants argue that plaintiff "was a voluntary participant in the unlawful activity that is a central issue to the subject of the suit," and "allowing Plaintiff to go forth with his claims for the time period where he willfully falsified his union status by using another person's identification card would invite abuse and undermine the goals of FLSA and other labor statutes." Id. at 9.

Finally, defendants argue that it "makes little sense to hold the FLSA and NYLL record keeping requirements against the employer in this situation . . . because even if employer records

10

existed, Plaintiff's name would not show up on any certified payroll records for public

construction jobs." Defs.' Mem. at 15-16. Rather, defendants argue, the records would reflect

whatever name plaintiff fraudulently used to work on the public works projects prior to

becoming a union member. Id. at 16.

Plaintiff acknowledges that he used an identification card in the name of Burim Gega,

defendant Krasniqi's brother, in order to access some public works project sites. Pl.'s Mem. at

10. Plaintiff represents, however, that the equipment for making such identification cards was in

the hands of defendant Triangle and that the cards were typically made by Triangle's officers or

managers. Id. at 10-11. Thus, plaintiff argues, "there is ample evidence in the record for a jury

to conclude that Triangle issued Plaintiff this ID card." Id. at 11. Indeed, plaintiff argues that

issuing the card to plaintiff would have been to defendants' benefit, "as it allowed Plaintiff

access to public jobsites, while being able to pay [plaintiff] less than the required prevailing

wages." Id. Plaintiff argues that "[b]y moving for summary judgment on this ground,

Defendants seek to gain twice from their own malfeasance." Id. Defendants challenge,

however, plaintiff's assertion that there is ample evidence in the record for a jury to conclude

that defendants issued plaintiff the identification card, representing that "Plaintiff had access to

all the Triangle doors, keys, equipment, and every computer, including equipment to

manufacture identification cards." Defs.' Reply at 10.

While it is conceivable that plaintiff's use of a false identification card could preclude

him from obtaining recovery here, there appears to be a genuine dispute as to whether defendants

purposefully issued the card in question to plaintiff. If defendants did so, they would be hard-

pressed now to hold plaintiff's use of that card against him. Thus, while defendants' argument

regarding plaintiff's alleged malfeasance may have merit, it is a matter for trial, not summary

judgment. Given this, and the Court's finding that plaintiff has met his relaxed evidentiary burden with regard to the period of 2007 to October 2009 while defendants have failed to meet theirs, the Court denies defendants' motion with respect to plaintiff's claims concerning this period.

III.    Defendant's Failure to Comply with Local Rule 56.1(a)

Local Rule 56.1(a) requires that "[u]pon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." The Rule goes on to state that "[f]ailure to submit such a statement may constitute grounds for denial of the motion."

Plaintiffs argue that defendants' motion should be denied because their notice of motion was not accompanied by a proper Rule 56.1(a) statement. Pl.'s Mem. at 5-6. In support, plaintiffs cite Taylor v. Always Ready & Reliable Sec., Inc., No. 13-cv-8524 (CM), 2014 WL 5525745 (S.D.N.Y. Oct. 27, 2014), in which the court denied defendants' motion for summary judgment under similar circumstances. See id. at *2 ("Defendants are the party moving for summary judgment. They cannot invoke the benefits of summary judgment if they are unwilling to expend the modest effort to comply with its basic procedures.").

Defendants acknowledge that they failed to comply with Rule 56.1(a), but they ask the Court not to dismiss their motion on that basis. Defs.' Reply at 2-3. They note that the Rule does not *require* that the Court dismiss the motion, and they offer to "rectify this oversight and provide a statement of material facts pursuant to Local Civil Rule 56.1." Id. at 3. Defendants also argue that here, they are not "seeking to reap the benefits of summary judgment without expending the modest effort to comply with its basic procedures." Id. They note that while their

notice of motion did not include a separate, annexed statement of undisputed material facts, their memorandum in support of their motion did include a dedicated statement of facts section. Id.; Defs.' Mem. at 1-3. They argue that while "it was erroneous to not annex a separate statement of material fact to the notice of motion, . . . it is an error that basically amounts to Defendant not printing out a separate version of the 'Statement of Facts' section already included in its brief for the Court and opposing counsel to review." Defs.' Reply at 3.

Local Rule 56.1 does not require dismissal, and "[d]istrict courts have broad discretion about how to enforce local rules." Taylor, 2014 WL 5525745, at *1. While it is true that defendants' notice of motion failed to annex a separate Rule 56.1 statement, their memorandum in support of their motion included a dedicated statement of facts section, Defs.' Mem. at 1-3, and their reply brief annexed a separate "Statement of Facts." ECF No. 70-1. As such, the Court finds that denial of defendants' motion on this basis is not warranted.

## CONCLUSION

For the reasons discussed, the Court grants in part and denies in part defendants' motion for summary judgment. Plaintiff has failed to meet his burden with regard to his claims concerning the period from November 2009 to December 2011, and the Court finds that defendants' failure to comply strictly with Local Rule 56.1 does not warrant denial of their motion. Thus, defendants' motion is granted with regard to plaintiff's claims concerning this period.

Plaintiff bears a relaxed evidentiary burden, however, with regard to his claims concerning the period from 2007 to October 2009, and plaintiff has, just barely, met that burden. Furthermore, the Court finds that while defendants' arguments regarding plaintiff's alleged fraud

may have merit, the controversy must be left for the factfinder. The Court, therefore, denies

defendants' motion with regard to plaintiff's claims concerning the earlier period.


SO ORDERED.


Dated: Brooklyn, New York
        November 22, 2016

                                            s/ RJD

                                    RAYMOND J. DEARIE
                                    United States District Judge